# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert L. James, Jr.<br>3331 5th St., SE<br>Washington, DC 20032<br><br>Shirley V. James<br>3331 5th St., SE<br>Washington, DC 20032<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Nationstar Mortgage LLC, as Servicer for<br>U.S. Bank, N.A., as trustee for NRZ-Pass<br>Through Trust IV<br>350 Highland Drive<br>Lewisville, TX 75067-4177<br>Successor to JP Morgan-Chase Bank,<br>N.A., Servicer<br>PO Box 24696<br>Columbus OH 43224<br><br>Standard Guaranty Insurance Company<br>260 Interstate North Cir. SE<br>Atlanta, GA 30339<br><br>Mr. Perez (Former CEO)<br>Ameriquest Mortgage<br>505 City Parkway West, Suite 100<br>Orange Co., CA 92705<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:17-CV-00499 |

## NOTICE OF REMOVAL

Pursuant to title 28, United States Code, §§ 1332, 1441 and 1446, defendant Standard Guaranty Insurance Company ("Standard Guaranty") hereby gives notice of removal of this action from the Superior Court of the District of Columbia, where this case was commenced as

1

Civil Action No. 2017 CA 170 B, to the United States District Court for the District of Columbia, the district embracing the place where the case is pending. Standard Guaranty appears only for the purpose of removal and reserves all defenses and rights available to it. In support of this Notice of Removal, Standard Guaranty states as follows:

1. On January 11, 2017, plaintiffs Robert L. James, Jr. and Shirley V. James filed this action against defendants Nationstar Mortgage LLC, as Servicer for U.S. Bank, N.A. as Trustee for NRZ-Pass through Trust IV ("Nationstar"); Standard Guaranty; and "Mr. Perez," allegedly former CEO of Ameriquest Mortgage, in the Superior Court of the District of Columbia.

2. Plaintiffs mailed Standard Guaranty a copy of the complaint and summons via certified mail on February 28, 2017. A copy of the summons and complaint is attached to this Notice of Removal as Exhibit A, which constitutes "a copy of all process, pleadings, and orders served upon" Standard Guaranty in the state court action. 28 U.S.C. § 1446(a). A copy of the state court docket sheet is attached hereto as Exhibit B.

3. This Notice of Removal is timely filed, as it is filed within one year after the state court proceedings were commenced and within 30 days after Standard Guaranty received the summons and complaint. 28 U.S.C. § 1446(b)-(c).

4. In accordance with 28 U.S.C. § 1446(d), Standard Guaranty will promptly serve a copy of the Notice of Removal and its accompanying exhibits on opposing counsel and deliver a copy to the Clerk of the Superior Court of the District of Columbia. A copy of the Notice of Filing of Notice of Removal (excluding its exhibits) is attached hereto as Exhibit C.

5. As explained more fully below, this Court has subject-matter jurisdiction over this civil action because the action presents a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

6. Nationstar has indicated that it will join this removal. To the best of Standard Guaranty's knowledge, plaintiffs have not served "Mr. Perez."[1] Accordingly, all defendants that have been served in the state court action consent to removal.

### Diversity Jurisdiction

7. At the time the complaint was filed, at the time of removal, and at all intervening times, plaintiffs were and continue to be citizens of the District of Columbia. Compl. ¶ 1.

8. Standard Guaranty is a corporation organized solely under the laws of the state of Delaware with its principal place of business in Georgia. Consequently, at the time the complaint was filed, at the time of removal, and at all intervening times, Standard Guaranty was and continues to be a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of the state where it is incorporated and of the state where it has its principal place of business).

9. Defendant Nationstar is a limited liability company organized solely under the laws of the state of Delaware with its principal place of business in Texas. "[A] limited-liability company's citizenship is determined by the citizenship of its members." *Hoch v. Eli Lilly & Co.*, 736 F. Supp. 2d 219, 220 (D.D.C. 2010). Nationstar's members are citizens of Delaware and Texas. *See, e.g.*, *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999, 2017 WL 382616, at *1 (N.D. Ga. 2017). Thus, at the time the Complaint was filed, at the time of removal, and at all intervening times, Nationstar was and continues to be a citizen of the states of Delaware and Texas.

---

[1] Plaintiffs have not filed an affidavit of service on Perez, nor has anyone appeared in the matter on his behalf. *See* Exhibit B.

10. The domicile and state of citizenship of defendant "Mr. Perez" is unknown and not pleaded in the complaint. However, the Complaint provides a California address for this defendant and alleges that he has a post office box in California. Compl. at 1, ¶¶ 14, 31. Having investigated the matter, it does not appear to Standard Guaranty that there ever was a CEO of Ameriquest Mortgage with the first or last name of Perez. There are no allegations that "Mr. Perez" is a citizen of any jurisdiction. This defendant appears to be a fictitious individual or sued under a fictitious name. Accordingly, this defendant's citizenship must be disregarded. 28 U.S. § 1441(b)(1). To the extent his citizenship is considered, however, it appears that "Mr. Perez" is a citizen of the state of California. *See, e.g.*, Compl. at 1, ¶¶ 14, 31.

11. Complete diversity of citizenship thus exists between plaintiffs and defendants.

### Amount in Controversy

12. Plaintiffs bring this lawsuit in connection with a hazard insurance policy on their property. Compl. ¶ 3. Plaintiffs allege that they made a claim under this policy after their property was damaged, but defendants improperly diverted the insurance proceeds rather than paying plaintiffs. *Id.* ¶¶ 12-16. As such, plaintiffs claim they were unable to repair the damage to their property, leading to a loss of rental income and eventual foreclosure. *Id.* ¶¶ 17-21. Additionally, plaintiffs allege they have suffered "significant financial, emotional and psychological stress." *Id.* ¶ 26.

13. Plaintiffs bring causes of action for fraudulent conversion, breach of contract, and a claim for an accounting. *Id.* ¶¶ 28-51.

14. Based on these claims, plaintiffs request an award of $575,000 for actual and punitive damages. *Id.* at 7.[2] Because the damages claimed by plaintiffs exceed $75,000, the amount-in-controversy requirement for the exercise of diversity jurisdiction is satisfied. 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . . .").

15. Based on the foregoing, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because plaintiffs' complaint presents a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

WHEREFORE, Standard Guaranty respectfully requests that the Court exercise jurisdiction over this civil action.

DATED: MARCH 20, 2017                    CARLTON FIELDS JORDEN BURT, P.A.

By: */s/ Frank G. Burt*
Frank G. Burt (D.C. Bar No. 461501)
Brian P. Perryman (D.C. Bar No. 491034)
1025 Thomas Jefferson Street, N.W.
Suite 400 West
Washington, D.C. 20007
(202) 965-8100

*Counsel for Defendant*
*Standard Guaranty Insurance Company*

---

[2] Plaintiffs alternately list the amount requested as $975,000. Compl. at 7. The total amount of damages includes some or all of the various costs alleged throughout the Complaint, including $7,744.28 in insurance proceeds, *id.* ¶ 16; $60,300 in unpaid mortgage payments, *id.* ¶ 23; $56,500, representing costs incurred by the residents of the property to obtain other housing, *id.* ¶ 24; $78,700 in additional repairs needed on the property, *id.* ¶ 25; and $400,000 in punitive damages, *id.* ¶ 36; *see also id.* ¶ 46.

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2017, I sent a copy of the foregoing Notice of Removal via first class mail to:

Henry M. Terrell
2101 L St, NW #400
Washington, DC 20037

*Counsel for Plaintiffs*

Laurence Chirch
William Sandelands
Sandelands Eyet
1545 US Highway 206, Suite 304
Bedminster, New Jersey 07921

*Counsel for Defendant*
*Nationstar Mortgage, LLC*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Frank G. Burt*
　　　　　　　　　　　　　　　　　　　　　　　Frank G. Burt