# EXHIBIT A



### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ROBERT L. JAMES, ETAL
_____
Plaintiff(s)

v.

Case No: 2017 SA 170 B

NATIONSTAR
_____
Defendant(s)

### NOTICE

To (insert name and address of the party to be served):
STANDARD GUARANTY INS.
C/O LEGAL DEPARTMENT
260 INTERSTATE NORTH CIR, SE
ATLANTA, GA 30339

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 2-28-17.

_____
Signature

2/28/17
_____
Date of Signature

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____
Signature

_____
Relationship to Defendant/Authority
to Receive Service

_____
Date of Signature

Para pedir una traducción, llame al (202) 879-4828
Dề có một bài dịch, hãy gọi (202) 879-4828

如需翻译,请打电话 (202) 879-4828
ፖአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

Veuillez appeler au (202) 879-4828 pour une traduction
번역을 원하시면, (202) 879-4828 로 전화주십시요.

Form CA 1-A: Notice and Acknowledgment for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ROBERT L. JAMES, ETAL
_____
Plaintiff(s)

v.                                          Case No: 2017 SA 170 B

NATIONSTAR
_____
Defendant(s)

### NOTICE

To (insert name and address of the party to be served):

STANDARD GUARANTY INS.
C/O LEGAL DEPARTMENT
260 INTERSTATE NORTH CIR, SE
ATLANTA, GA 30339

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 2-28-17 .

_____                      2/28/17
Signature                                      Date of Signature

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____        _____        _____
Signature                        Relationship to Defendant/Authority    Date of Signature
                                 to Receive Service

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ        번역을 원하시면, (202) 879-4828 로 전화주십시요



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

ROBERT L. JAMES, JR., et al.
_____
Plaintiff

vs.                                          Case Number  2017 CA 1708

STANDARD GUARANTY INS.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

HENRY M. TERRELL, ESQ
_____
Name of Plaintiff's Attorney

2101 L ST, NW, #400
_____
Address

WASHINGTON, DC 2037
_____

202-223-3242
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译，请电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.    (amharic) (202) 879-4828

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

SHIRLEY V. JAMES et al
Vs.                                          C.A. No.      2017 CA 000170 B
NATIONSTAR MORTGAGE LLC et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge NEAL E KRAVITZ
Date:   January 11, 2017
Initial Conference: 9:30 am, Friday, April 14, 2017
Location:  Courtroom 100
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001                            Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

Caio.doc

Filed
D.C. Superior Court
01/11/2017 15:86PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Robert L. James, Jr. | ) |
| 3331 5th St., SE | ) |
| Washington, DC 20032 | )   Civil Action # __2017 CA 000170 B__ |
|       Plaintiff | ) |
| | ) |
| Shirley V. James | ) |
| 3331 5th St., SE | ) |
| Washington, DC 20032 | ) |
|       Plaintiff | ) |
|     vs. | ) |
| | ) |
| Nationstar Mortgage LLC as Servicer for | ) |
| US Bank, National Association as Trustee | ) |
| for NRZ-Pass through Trust IV. | ) |
| 350 Highland Drive | ) |
| Lewisville, TX 75067-4177 | ) |
| Successor to JP Morgan-Chase Bank, | ) |
| National Association, Servicer, | ) |
| PO Box 24696 Columbus OH 43224 | ) |
| | ) |
| Standard Guaranty Insurance Company | ) |
| c/o Serve: Legal Department | ) |
| 260 Interstate North Cir SE, | ) |
| Atlanta, GA 30339 | ) |
|  OR | ) |
| P.O. Box 100126 | ) |
| Pasadena, CA 91189-012 | ) |
| | ) |
| Mr. Perez (Former CEO) | ) |
| Ameriquest Mortgage | ) |
| 505 City Parkway West, Suite 100 | ) |
| Orange Co. CA 92705 | ) |
|       Defendant | ) |

## VERIFIED COMPLAINT FOR FRAUDULENT CONVERSION, BREACH OF CONTRACT AND ACCOUNTING

**COMES NOW** Plaintiffs Robert L. James, Jr. and Shirley V. James, by and through their

attorney Henry M. Terrell, Esq., and files this verified Complaint for Fraudulent Conversion and

Accounting and in support thereof states as follows;

1. Plaintiffs are an elderly couple and lifelong residents of the District of Columbia.

2. Plaintiffs are the owners of real property located at 3327 5th Street, SE, Washington, DC.

3. Plaintiffs' real property was covered with a hazard insurance underwritten by Standard Guaranty Insurance Company ("Standard Insurance").

4. Defendant US Bank, National Association ("US Bank/Nationstar") assumed the benefits and obligations arising from the purchase of the loan from Chase Mortgage ("Chase") who purchased the loan from Ameriquest Mortgage Co. ("Ameriquest").

5. Mr. Perez was the CEO for the predecessor to Chase (Ameriquest) and was handling the Plaintiffs hazard insurance claim outlined in greater detail in this complaint.

6. On or about October 2, 2013 the above referenced real property suffered significant damages to portions of the dwelling during a wind storm when a tree in the backyard fell on the structure and destroyed the roof.

7. The above referenced damage was significant enough that the residents could not reside in the above mentioned real property until the damage from the storm was repaired.  The residents were forced to relocate to hotels and other locations due to the condition that the windstorm had left the property.  Therefore, the residents of the subject property were forced to rent other accommodations at costs much higher than the mortgage payments.

8. On or about October 5th, 2013 the Plaintiffs filed a claim with the Defendant Standard Insurance with regard to the damage that their real property suffered during the storm as outlined above.

9. Mr. Perez was the CEO for Ameriquest and was the person who handled the Plaintiffs' claim that resulted from storm damage.

10. In addition, Ameriquest originated the Plaintiff's loan. Subsequently, Ameriquest was succeeded by Chase who then sold the Plaintiff's loan to US Bank /Nationstar.

11. When Mr. Perez learned of the damage to the Plaintiffs' home, under color of authority for the mortgage company, Mr. Perez filed a claim for damages. This claim then allowed him to handle the proceeds that were to go to the Plaintiffs to repair their home. The Standard Insurance claim number was 61D032961193.

12. When Plaintiffs attempted to file a claim for the damages to their residence, they were informed by Standard Insurance that a prior claim had already been filed. Mr. Perez, without the knowledge or consent of the Plaintiffs had filed the prior claim.

13. Plaintiffs have proof that Mr. Perez committed a fraudulent act by filing his own claim for damage to the Plaintiffs' property.

14. By filing his own claim, Mr. Perez was able to divert the proceeds due to the Plaintiffs for the storm damage, to be sent to his own Post Office Box in California.

15. On information and belief, once Mr. Perez received the Plaintiff's insurance check, he cashed the Plaintiff's check himself and retained the proceeds for his own use.

16. Due to the negligence of Mr. Perez, US Bank/Nationstar and Standard Insurance, the Plaintiffs have never received the proceeds due to them under their Standard Insurance policy ($7,744.28).

17. Because the Plaintiffs never received the insurance proceeds to repair the damage to their property, the property to this date has not been repaired and remains uninhabitable with mold and weather related damages.

18. Because the residents of the dwelling have been forced to obtain another dwelling they have been unable to pay rent to the Plaintiffs.

19. Because the Plaintiffs have not received rent on the damaged dwelling, the Plaintiffs have not been able to pay the mortgage on the above referenced real property.

20. The Plaintiff's inability to pay their mortgage is the direct result of Mr. Perez's actions that were assumed by US Bank/Nationstar upon its purchase of the mortgage loan and the fraud of the Defendants.

21. Plaintiff's failure to pay their mortgage has resulted in their real property going into foreclosure and possibly losing the equity and ownership of valuable land and property.

22. This action of fraud has resulted in substantial actual damages.

23. The monthly mortgage, in the amount of $1,200, has not been paid since the storm damaged their real property for some 28 months and  has resulted in delinquent payments and interest owed by the Plaintiffs to the mortgage company in excess of $60,300.

24. The residents of the real property have had to pay rent for an extended period of time costing them in excess of $56,500.

25. The repairs to the house have increased due to the damages not having been repaired for a substantial amount of time.  The cost of those repairs now exceeds $78,700.

26. Plaintiffs have suffered significant financial, emotional and psychological stress as a result of the theft of their insurance proceeds, their inability to reside in the dwelling and the lack of funds to repair the damages.

27. Thus, the Court should find punitive damages are due the Plaintiffs in this matter.

## COUNT ONE FRAUDULENT CONVERSION

28. Plaintiffs hereby incorporate all previous paragraphs as if fully restated herein.

29. Defendant Standard Insurance had a duty to the Plaintiffs to provide hazard insurance to the Plaintiffs pursuant to the terms and conditions of their insurance policy with US Bank/Nationstar and as such, breached that duty.

30. Defendant, Mr. Perez former CEO of Ameriquest, individually and as agent for Ameriqest, knowingly breached that duty.

31. Defendants intentionally diverted the funds due to the Plaintiffs under the Standard Insurance policy covering the Plaintiffs real property to Mr. Perez's Post Office Box in California.

32. Defendants and Mr. Perez knew the funds that he had converted to his use were the Plaintiffs' funds.

33. Defendants failed and continue to fail to pay these funds to the Plaintiffs.

34. This failure has caused the Plaintiffs significant financial, emotional and psychological damage.

35. Defendants breach of their fiduciary and contractual duties to the Plaintiffs constitute Fraudulent Conversion.

36. The Court is allowed to find punitive damages for the Plaintiff under this cause of action and the Plaintiffs are requesting punitive damages in the amount of $400,000.

## COUNT TWO BREACH OF CONTRACT

37. Plaintiffs hereby incorporated all previous paragraphs as if fully restated herein.

38. Plaintiffs had a forced placed hazard insurance policy with Ameriquest on real property known as 3327 5th St., SE, Washington, DC 20032.

39. That insurance policy provides, inter alia, that Standard Insurance will pay to repair damages to the real property from storms.

40. The real property was damaged during a storm on October 2, 2013.

41. The damage from the storm is covered in the hazard insurance policy referenced above.

42. US Bank/Nationstar and Standard has a contractual duty to perform under the hazard insurance policy.

43. Upon demand by the Plaintiffs, Standard Insurance has failed to perform under the hazard insurance contract outlined herein and continues to fail to perform under said contract.

44. Failure to perform under said contract is a breach of contract by US Bank/Nationstar and Standard.

45. Due to Standard Insurance's breach of contract, Plaintiffs have suffered actual and real damages.

46. Those damages include, but are not limited to, the cost to repair property resulting from the storm damage and any subsequent damage as a result of Standard Insurance's failure to promptly repair the real property covered by the hazard insurance policy, missed mortgage payments and rental costs for other accommodations.

## COUNT THREE ACCOUNTING

47. Plaintiffs hereby incorporated all previous paragraphs as if fully restated herein.

48. Defendant had a duty to the Plaintiffs to provide hazard insurance to the Plaintiffs pursuant to the terms and conditions of their insurance policy.

49. Defendant or its agent knowingly breached that duty.

50. Defendants intentionally diverted the funds due the Plaintiffs guaranteed under the hazard insurance policy, covering the Plaintiffs real property, to Mr. Perez.

51. Because the Plaintiffs have never received their funds they are hereby demanding an accounting from the Defendants to determine exactly the amount due to the Plaintiffs that was taken by the Defendants.

**Wherefore,** Plaintiffs' pray that this Honorable Court will find the Defendants jointly and severally liable to the Plaintiffs, for Fraudulent Conversion, Breach of Contract and award Plaintiff's five hundred seventy five thousand ($975,000) dollars for actual and punitive costs and damages.

Respectfully submitted,

**LAW OFFICES OF**
**HENRY M. TERRELL & ASSOCIATES, PLLC**
By: /s/Henry M. Terrell, Esq. _____
Henry M. Terrell, Esq. (Bar No. 420345)
D.Olandan Davenport, Esq. (Bar No.416650)
2101 L Street, NW, Suites 400, 440, 800
Washington DC, 20037
(202) 223-3242 (Telephone)
(202) 466-0502/202-581-0552 (Facsimile)
www.henryterrelllaw.com
henryterrell@msn.com



## VERIFICATION

I, Robert L. James, Jr., do hereby swear under penalty of perjury that the foregoing statements is true and accurate to the best of my knowledge, information and belief.

___January 6, 2017___                              /s/ _Robert J. James Jr._

Date                                               Robert L. James, Jr.

## VERIFICATION

I, Shirley V. James, do hereby swear under penalty of perjury that the foregoing statement is true and accurate to the best of my knowledge, information and belief.

___January 6, 2017___                              /s/ _Shirley V. James_

Date                                               Shirley V. James



District of Columbia : SS
Subscribed and Sworn to before me
this _6_ day of _Jan_____, _2017_

_Mary A. Dews_
Notary Public, D.C.
My commission expires _11 - 30 - 2021_