UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT L. JAMES, JR., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, *et al.*, <br><br> *Defendants*. | Civil Action No. 17-499 (RDM) |

**MEMORANDUM OPINION AND ORDER**

For more than eight months, Plaintiffs Robert and Shirley James have had the opportunity to respond to motions to dismiss filed by two of the defendants in this case, and after multiple orders from the Court, have failed to do so. Furthermore, they have failed to effect service on the third defendant in this case. For the reasons discussed below, the Court will dismiss Plaintiffs' case without prejudice for failure to prosecute under Federal Rules of Civil Procedure 4(m) and 41(b), and Local Civil Rule 83.23.

Plaintiffs, then represented by counsel, filed a complaint in the D.C. Superior Court on January 11, 2017, alleging fraudulent conversion, breach of contract, and "accounting." Dkt. 10 at 51–53. They suggest that the CEO of the company that originated the mortgage on a rental property Plaintiffs own defrauded them by diverting an insurance check meant to pay for damage to the property. *Id.* at 47–53. Plaintiffs named three defendants in their complaint: (1) Mr. Perez, alleged to be the CEO of the mortgage originator; (2) Standard Guaranty Insurance Company, the insurer of the property; and (3) Nationstar Mortgage LLC, the current holder of the mortgage. *Id.* at 47–49.

Nationstar and Standard timely removed the action to this Court on March 20, 2017, Dkt. 1, and then both moved to dismiss on March 27, 2017. Dkt. 11; Dkt. 12. After Plaintiffs failed timely to oppose the motions, the Court ordered them to show cause on or before April 21, 2017, why the motions should not be treated as conceded or the case dismissed for failure to prosecute. Dkt. 13. On April 19, 2017, Plaintiffs' counsel informed the Court that he had in fact submitted a motion to withdraw his appearance in the Superior Court after the Plaintiffs elected to terminate his representation. Minute Order (Apr. 19, 2017). The Court, accordingly, deemed the motion to withdraw filed, and the Court granted that motion. *Id.* The Court further ordered that the case be stayed until May 19, 2017, to permit Plaintiffs to seek new counsel. *Id.* On May 17, 2017, Plaintiffs informed the Court that they wished to proceed *pro se*, writing "[p]lease don't dismiss this case." Dkt. 15 at 2; Dkt. 16. The Court then unstayed the case, advised the Plaintiffs of the consequences of failing timely to respond to Defendants' motions to dismiss, and gave them until June 26, 2017, to file their responses. Dkt. 16.

After Plaintiffs failed timely to respond, the Court *sua sponte* extended their time to respond once again, setting a deadline of July 27, 2017. Minute Order (July 6, 2017). The Court also noted that Plaintiffs had yet to effect service on "Mr. Perez," who the other defendants alleged "to be a fictitious individual or sued under a fictitious name." *Id.* (citing Dkt. 1 at 3–4 & n.1). The Court cautioned the Plaintiffs that failure to effect service on Defendant Perez in accordance with Federal Rule of Civil Procedure 4 and to file proof of such service on or before July 27, 2017, would lead the Court to dismiss the claims against Perez without prejudice pursuant to Rule 4(m). *Id.* Plaintiffs failed to file any response or proof of service, and last responded to any order of the Court on May 17, 2017.

Under Federal Rule of Civil Procedure 41(b), it is within a court's discretion to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *See also* Local Civil Rule 83.23 (adopting the standard of Rule 41(b)). The court may dismiss for failure to prosecute *sua sponte* or on a defendant's motion. *See Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *see also* Fed. R. Civ. P. 41(b). The authority to dismiss suits has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link*, 370 U.S. at 629–30.

Dismissal is warranted when, "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that [she] must act with more diligence, or if [she] has failed to obey the rules or court orders." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988). Although dismissal for failure to prosecute is a relatively "harsh sanction . . . ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs," *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson*, 637 F.3d at 418), it is nonetheless warranted "when lesser sanctions would not serve the interest of justice," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). Moreover, dismissal *without prejudice* may, at times, mitigate the severity of the sanction. Such a step, in any event, is less Draconian than treating an unopposed motion to dismiss as conceded, as this Court's rules permit, *see* Local Civil Rule 7(b) (stating that if an opposition is not timely filed "the Court may treat the motion as conceded"); *see also MacLeod v. United States Dep't of Homeland Sec.*, No. 15-CV-1792, 2017 WL 4220398, at *5, *8 (D.D.C.

Sept. 21, 2017) (describing standard and granting a motion to dismiss as conceded), which will often operate as an adverse adjudication of the dispute on the merits, *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 118–19 (D.D.C. 2014); *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 90 & n.2 (D.D.C. 2009). And, it may even be less prejudicial than reaching the substance of a motion to dismiss without the benefit of any opposing argument, which will also typically result in a decision on the merits.

Given Plaintiffs' failure to respond to the Court's repeated orders and their "lengthy period of inactivity," dismissal for failure to prosecute is appropriate. Defendants filed their motions to dismiss on March 27, 2017, and this Court has not heard from Plaintiffs since they indicated they wished to proceed *pro se* on May 17, 2017—more than seven months ago. This Court has advised Plaintiffs of the consequences of inaction three times. Dkt. 13; Dkt. 16; Minute Order (July 6, 2017). Although Plaintiffs indicated that they wished to proceed *pro se* after the Court stayed the case for a month to let them find new counsel, Plaintiffs have made no effort to explain their failure to respond to Defendants' motions to dismiss or to the Court's two most recent orders requiring a response. In fact, they have done nothing to suggest that they intend to pursue their case at all in more than seven months. In light of this history, it is apparent that Plaintiffs have "not manifested reasonable diligence in pursuing" their case, and that their complaint should be dismissed. This Court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests. Local Civil Rule 83.23. The Court sees no reason to depart from this default rule, particularly in light of Plaintiffs' *pro se* status. By doing so, the Court will leave the Plaintiffs in the same position as if the action—which they have, to date, declined to pursue— were never filed.

Finally, Plaintiffs have failed to serve "Mr. Perez" in the eleven months since this action was initiated. They have also, despite the Court's urging, failed to identify "good cause" for their failure to effect service in compliance with Rule 4. Without proof of good cause, the Court may consider equitable factors and either dismiss the case or extend the time for effecting service. *Mann v. Castiel*, 681 F.3d 368, 375–76 (D.C. Cir. 2012). "[D]ismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff in the same position as if the action had never been filed." *Id*. at 376 (citations and internal quotation marks omitted). The Court extended Plaintiffs' deadline by which to effect service to July 27, 2017, yet no proof of service has been filed. This continued failure to comply with the requirements of Rule 4 can be attributed solely to the "inadvertence, oversight, or neglect" of the Plaintiffs. *See* Fed. R. Civ. P. 4(m).

In light of Plaintiffs' failure to respond to Defendants' motions to dismiss and to this Court's orders that they do so, and their failure to effect service on "Mr. Perez," it is hereby **ORDERED** that the case is **DISMISSED** without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), and Local Civil Rule 83.23. The motions to dismiss, Dkt. 12; Dkt. 11, are hereby **DENIED** as moot.

    **SO ORDERED**.

                                                               s/ Randolph D. Moss
                                                               RANDOLPH D. MOSS
                                                               United States District Judge

Date: December 20, 2017